Citation Nr: 1504656 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 07-26 854 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to service connection for a bilateral knee disorder, to include as secondary to service-connected gout and/or lumbar spine disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

R. Erdheim, Counsel 

INTRODUCTION

The Veteran had active service from February 1980 to November 1986 and from March 1987 to March 1990. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from a July 2006 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. A hearing before the undersigned Veterans Law Judge was held in September 2010. The Board denied the claim in a May 2014 decision. The Veteran appealed that decision to the Court of Appeals for Veterans Claims, and by a December 2014 Order, the Court vacated the decision and remanded it for adjudication pursuant to the Joint Motion for Remand.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that his bilateral knee disability was caused or aggravated by his service-connected gout and/or lumbar spine disability. While opinions on the matter were obtained in June 2011 and August 2013, the etiology of the Veteran's bilateral knee disability remains unclear. 

Specifically, in June 2011, a VA examiner opined that the Veteran's lumbar spine disability did not cause or aggravate his bilateral knee disability because his gait was only mildly antalgic and was not so severe that he would need an assistive device. As stated in the Joint Motion for Remand, such an explanation does not adequately address the Veteran's contentions. Rather, as documented by a VA physician in 2010 and 2012, the Veteran contends that years of having an antalgic gait due to his lumbar spine disability has placed undue stress on his knees. The Veteran contends that although he does not need an assistive device, his lumbar spine disability has still caused or aggravated his bilateral knee disability. Because it is unclear whether such is the case, and whether the 2010 and 2012 notations are in fact etiological opinions, such contentions should be addressed on VA examination.

Next, in August 2013, a VA examiner opined that there was no objective medical evidence to conclude that the Veteran's gout was related to his bilateral knee disability. The examiner provided a lengthy explanation for such a conclusion, to include that the trajectories for the Veteran's gout and his knee disabilities were separate from one another. However, as stated in the Joint Motion for Remand, the term "related to" or as "due to" are not the same, for VA purposes, as the term "caused or aggravated by." Thus, because it remains unclear whether the Veteran's gout has at last aggravated his bilateral knee disability, a new VA examination and opinion is necessary prior to adjudication of the claim.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to determine the etiology of his bilateral knee disability. The examiner should review the claims file. All opinions expressed should be accompanied by a clearly explained rationale. The examiner should provide an opinion as to the following:

a) Is it at least as likely as not (50 percent probability or greater) that the Veteran's bilateral knee disability was caused or aggravated by his service-connected gout? 

b) Is it at least as likely as not (50 percent probability or greater) that the Veteran's bilateral knee disability was caused or aggravated by his service-connected lumbar spine disability? The examiner should address whether the Veteran's reported history of years of an antalgic gait caused or aggravated his bilateral knee disability.

Please note: Aggravation is defined for legal purposes as a chronic worsening of the underlying condition versus a temporary flare-up of symptoms, beyond its natural progression.

2. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).